IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CINDY WITHROW, | ) | CASE NO. 1:17 CV 2168 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Cindy Lee Withrow under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2]  The Commissioner has answered[3] and filed the transcript of the administrative record.[4]  Under my initial[5] and procedural[6] orders, the

---

[1] ECF No. 13.  The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 11.
[5] ECF No. 6.
[6] ECF No. 12.

parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]  They have participated in a telephonic oral argument.[10]

For the reasons set forth below, the decision of the Commissioner lacks substantial evidence and must be reversed and remanded for further administrative proceedings consistent with this order.

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Withrow, who was 54 years old at the time of the administrative hearing,[11] has an eleventh grade education.[12]  Her past relevant employment history includes work as a machine feeder and touch-up screener, printed circuit board, assembly.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Withrow had the following severe impairments: status post aortic valve replacement; cervical degenerative disc disease with radiculopathy; lumbar degenerative disc disease and spondylosis; fibromyalgia; obesity; and adjustment disorder with mixed anxiety and depressed mood.[14]

---

[7] ECF No. 19 (Commissioner's brief); ECF Nos. 16, 20 (Withrow's briefs).
[8] ECF No. 19, Attachment 1 (Commissioner's charts); ECF No. 16, Attachment 2 (Withrow's charts).
[9] ECF No. 16, Attachment 1 (Withrow's fact sheet).
[10] ECF No. 22.
[11] ECF No. 16, Attachment 1 at 1.
[12] *Id.*
[13] ECF No. 11, Transcript ("Tr.") at 28.
[14] *Id.* at 22.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ found Withrow had the residual functional capacity ("RFC") to perform sedentary work as defined in the regulations, with additional limitations.[15]

Based on that RFC, the ALJ found Withrow capable of her past relevant work as a touch-up screener, printed circuit board, assembly and, therefore, not under a disability.[16]

## B.     Issues on judicial review

Withrow asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Withrow presents the following issues for judicial review:

- Whether the ALJ failed to state valid reasons for rejecting the opinion of treating physician Leonor Osorio.

- Whether the ALJ improperly found that Withrow could return to her past job as a touch-up screener.[17]

# Analysis

## A.     Standards of review

## 1.     *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of

---

[15] *Id.* at 24.
[16] *Id.* at 28.
[17] ECF No. 16 at 1.

review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## 2. *Treating physician rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[21] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[22] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[23] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[24] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 416.927(c)(2)(i)-(ii), (3)-(6).[25] The Court cautioned against collapsing these two distinct analyses into one.[26]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[27] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[28] some authority exists for looking outside the unified statement for analysis of the weight

---

[21] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[22] *Id.* at 375-76.
[23] *Id.* at 376.
[24] *Rogers*, 486 F.3d at 242.
[25] *Gayheart*, 710 F.3d at 376.
[26] *Id.*
[27] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[28] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).

assigned to a treating source's opinion.[29]  Going beyond the reasons stated in the unified

statement takes the Court in the hazy gray area where the sirens of *de novo* review and

*post hoc* rationalization reside.  A reviewing district court must avoid both.  An ALJ

cannot avoid reversal by merely citing exhibits in the record that might support her

findings without discussing the content of those exhibits and explaining how that content

provides support.[30]  Nor can counsel for the Commissioner save a decision from reversal

by citing to evidence in the record not cited and adequately discussed by the ALJ.[31]  It is

for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the

evidence to the conclusion."[32]  "Put simply, . . . there must be some effort . . . to explain

why it is the treating physician's conclusion that gets the short end of the stick."[33]

**B.**     **Application of standards**

This is a narrow issue regarding the weight assigned to the opinions of treating

source Dr. Osorio.  The ALJ gave Dr. Osorio's opinions no weight.[34]  He gave considerable

weight to the opinion of a consulting examiner, Dr. Assaf.[35]

---

[29] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).

[30] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).

[31] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by Sharp v Comm'r of Soc. Sec.*, 2015 WL 3952331 (S.D. Ohio June 29, 2015).

[32] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).

[33] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

[34] Tr. at 27.

[35] *Id.*

Dr. Osorio's treating relationship with Withrow spanned at least two years.[36]  Dr. Osorio rendered two opinions, one in 2014 and one in 2015, regarding Withrow's mental and physical impairments.[37]  In both of these opinions, Dr. Osorio specifically translated Withrow's impairments into limitations.[38]

In contrast, Dr. Assaf saw Withrow one time, and he conducted his examination and rendered his opinion in 2014.[39]  As with many (if not all) consulting examiners, Dr. Assaf gave no opinions on limitations caused by Withrow's severe impairments.[40]  He merely opined regarding Withrow's impairments and assessed their severity.[41]

Dr. Osorio's opinions support an additional limitation in the RFC regarding sustainability.[42]  She opined that Withrow would be off task 20 percent of the time and absent more than four days per month.[43]  Dr. Assaf's opinion is silent on the sustainability issue.[44]  The VE confirmed that the sustainability limitations opined by Dr. Osorio would preclude employment.[45]

---

[36] *See* ECF No. 16, Attachment 2 (Withrow's charts) at 5.
[37] Tr. at 381-82, 816-17.
[38] *Id.*
[39] *Id.* at 446-57.
[40] *Id.*
[41] *Id.*
[42] *Id.* at 381-82, 817.
[43] *Id.*
[44] *Id.* at 446-57.
[45] *Id.* at 106-07.

The ALJ cites inconsistency with the overall record as his reason for rejecting Dr. Osorio's opinions.[46] If the ALJ stated good reasons for the weight assigned to Dr. Osorio's opinions, it would have to be in paragraph four on page 27 of the transcript or in paragraphs one and two on page 26 of the transcript. But the only record evidence cited by the ALJ addressing sustainability is the opinion of consulting examiner Dr. Davis[47] – whose opinion was given limited weight because the ALJ found that the "mental health evidence, including the claimant's depressed effect and reported anxiety, as well as the effects of her physical impairments, support her being more limited in performing and sustaining work."[48]

The ALJ failed to build a logical bridge from the evidence to his conclusions and failed to provide good reasons for not just discounting Dr. Osorio's opinions, but for rejecting them out of hand. Therefore, the ALJ's no disability finding must be reversed and this matter remanded for further administrative proceedings.

Because I find the ALJ committed reversible error on this ground, I do not reach Withrow's argument regarding the ALJ's findings regarding Withrow's past relevant work.

## Conclusion

The finding of the Commissioner that Withrow had no disability lacks substantial evidence. Accordingly, the decision of the Commissioner denying Withrow's

---

[46] *Id.* at 27.
[47] *Id.* at 431-37.
[48] *Id.* at 27.

supplemental security income is reversed and remanded for further administrative proceedings. On remand, the ALJ must properly consider, analyze, and weigh the opinions of Dr. Osorio.

IT IS SO ORDERED.


Dated: October 29, 2018                s/ William H. Baughman, Jr.
                                       United States Magistrate Judge